**Carlos DUENAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18992.**

United States Court of Appeals Ninth Circuit.

April 18, 1964.

John F. Sheffield, Los Angeles, Cal., for the appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, Gorden P. Levy and Jacqueline Weiss, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from a denial by the district court of a petition for naturalization, filed under Section 329 of the Immigration and Nationality Act of 1952 (8 U.S.C. § 1440).

Appellant was never lawfully admitted to the United States. He entered (1) illegally in May of 1934 and was deported in October of 1947. (2) Thereafter he illegally entered, and voluntarily departed on November 29, 1956. (3) Thereafter he entered illegally and voluntarily departed on February 22, 1957. (4) Thereafter on April 5, 1957, he illegally entered and a final order of deportability was entered against him on October 25, 1960, and is still outstanding. He enlisted in the United States Army on October 28, 1942, and was separated

under honorable conditions on June 27, 1943.

Section 1440 provides, among other things, that any person who has served honorably in an active duty status in the military forces of the United States between September 1, 1939 and December 31, 1946, and who was separated under honorable conditions (and appellant did and was) may be naturalized if at the time of enlistment such person shall have been in the United States (and appellant was) whether or not he has been lawfully admitted to the United States for permanent residence.

Section 1429 of Title 8 United States Code, was relied upon by the government in denying appellant the right apparently given him by § 1440. Section 1429 provides, in material part:

"Except as otherwise provided in this subchapter [and § 1440 is in the same subchapter as § 1429], no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence * * *. Notwithstanding the provisions of section 405(b) of this Act, and except as provided in sections 1438 and 1439 of this title no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act * * *."

Appellant relies on certain cases which appellee asserts all came down and interpreted § 1440 *prior* to the time § 318 of the 1952 Act (8 U.S.C. § 1429) became effective. Appellee further asserts that said § 318, as held in Shomberg v. United States, 1955, 348 U.S. 540, 75 S.Ct. 509, 99 L.Ed. 624, specifically excepts rights under the prior law from the protection of the savings clause (§ 405, 8 U.S.C. § 1101 note) when those rights stem from a petition for naturalization or from some other step in the naturalization process.

In that case the Supreme Court concluded:

"[We] hold that § 318 bars petitioner's attempt to compel a hearing on his naturalization petition while the deportation proceeding is pending." (Id., 348 U.S. at 548, 75 S.Ct. at 513, 99 L.Ed. 624.)

Despite this clear expression by the Supreme Court in Shomberg, supra, appellant urges upon us by letter subsequent to trial that Shomberg must be read with the case of United States v. Menasche, 1954, 348 U.S. 528, 75 S.Ct. 513, 99 L.Ed. 615, decided the same day as Shomberg. We are willing to do that, but we do not find Menasche controlling. In it, the petitioner had filed his declaration of intention to become an American citizen before the effective date of the Immigration and Nationality Act of 1952; and had "otherwise complied" with the naturalization laws then in effect, and hence had acquired a "status" or "right in process of acquisition" saved to him by § 405(a), the general savings clause of the 1952 Act, even though his petition for naturalization was filed *after* the effective date of the Act.

But the 1952 Act disposed of any necessity to file a declaration of intention to become an American citizen. When the 1952 Act became effective, appellant had taken no steps to acquire his citizenship. If he was in the United States on that day, he since then twice voluntarily departed and twice illegally entered the country. He had acquired no status to save when he filed his petition for naturalization on June 14, 1961, some eight months after there had been a final finding of deportability entered pursuant to a warrant of arrest.

We approve the position taken by the government in its brief with respect to this case.

The government does not here contend that appellant must be considered at the present time as having entered the country illegally, with respect to the pending petition for naturalization, since Title 8 U.S.C. § 1440, as amended September 26, 1961, is clearly applicable. The problem is, however, that the district court

below, sitting as a Naturalization Court, was not the proper forum to set aside the deportation order outstanding against appellant, and until that deportation order is set aside, the district court has no power to grant the petition of appellant for naturalization, in view of the provisions of Title 8 U.S.C. § 1429.

We affirm. Appellant, his counsel represented on oral argument, can presently attempt to review the pending order of deportation, and if successful, then proceed with the naturalization proceedings. This may be a long way round the barn, but the devious path has been required of appellant by the language and plan Congress adopted.